**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DIANNA MACDONALD | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 2086 |
| | ) | |
| v. | ) | Judge  Leinenweber |
| | ) | |
| CONTINENTAL AIRLINES, INC. | ) | Designated Magistrate Judge Brown |
| | ) | |
| Defendant. | | |

## <u>DEFENDANT CONTINENTAL'S ANSWER TO COMPLAINT AT LAW</u>

NOW COMES the Defendant, CONTINENTAL AIRLINES, INC. ("CONTINENTAL"), by its attorneys, Ann P. Goodman and Stephen Koslow, and for its Answer to Plaintiff Dianna MacDonald's Complaint At Law, states as follows:

1.      This is an action brought pursuant to the CONVENTION FOR THE UNIFICATION OF CERTAIN RULES FOR INTERNATIONAL CARRIAGE BY AIR ("Montreal Convention"), by a passenger on a Continental Airlines Flight in international carriage from New Jersey to London, England who alleges that she sustained accidental personal injury while boarding said flight.  Jurisdiction of this cause is proper pursuant to *28 USC §1331* and *§1337* this being a question arising out of Federal Law under a treaty of the United States.

> **<u>ANSWER</u>**:     CONTINENTAL states that the allegations of Paragraph 1 call for legal conclusions and therefore CONTINENTAL neither admits nor denies same, but demands strict proof thereof.

2.      On and prior to May 23, 2006, the Defendant, CONTINENTAL AIRLINES, INC. (hereinafter referred to as "CONTINENTAL"), was in the business of owning, operating, and maintaining a fleet of passenger airplanes which it used to transport passengers for hire both domestically and internationally.

**ANSWER**:    CONTINENTAL admits the allegations of Paragraph 2.

3.    At all times relevant hereto, the Plaintiff, DIANNA MACDONALD, was a citizen and resident of the State of Illinois.

> **ANSWER**:    CONTINENTAL has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 3 and therefore neither admits nor denies same, but demands strict proof thereof.

4.    On May 23, 2006, the Plaintiff, DIANNA MACDONALD, was ticketed with a round trip passenger ticket on Continental Airlines flight 3232 departing from St. Louis Lambert International Airport to Newark Airport connecting with Continental Airlines flight 28 to Garwick Airport, London, England with return flights on June 8, 2006 from Charles De Gaulle Airport, Paris, France on Continental Airlines flight 55 to Newark, New Jersey with a connecting Continental Airlines flight to Lambert International Airport, St. Louis, Missouri.

> **ANSWER**:    CONTINENTAL admits the allegations of Paragraph 4.

5.    On May 23, 2006, Continental Airlines flight 3232 was late in arriving at Newark Airport due to flight delays and therefore the Plaintiff, DIANNA MACDONALD, arrived at the gate for Continental Airlines flight 28 as it was in its final boarding process.

> **ANSWER**:    CONTINENTAL has insufficient information to form a belief as to the truth or falsity of the allegations of Paragraph 5 and therefore, neither admits nor denies same but demands strict proof thereof.

6.    At said time and place, the Plaintiff, DIANNA MACDONALD, was stepping from the jet way onto the plane when she was caused to step into a gap between the jet way and the plane door causing her to momentarily loose her balance, trip and twist her left knee.

> **ANSWER**:    CONTINENTAL denies the allegations of Paragraph 6.

2

7.    The Plaintiff, DIANNA MACDONALD, then hobbled into the plane and observed that her knee began to swell and ache.

**ANSWER**:    CONTINENTAL denies the allegations of Paragraph 7.

8.    Article 17/ "Death and Injury of Passengers-Damage to Baggage," of the Montreal Convention states in pertinent part:

> "The carrier is liable for damage sustained in case of death or bodily injury of a passenger upon condition only that the accident which caused the death or injury took place on board the aircraft or in the course of any of the operations of embarking and disembarking."

**ANSWER**:    CONTINENTAL neither admits nor denies the allegations of Paragraph 8 and states that the wording of Article 17 speaks for itself and that Plaintiff has the burden of proof as to the applicable law being asserted.

9.    As a direct and proximate result and in consequence of the Plaintiff, DIANNA MACDONALD, tripping and twisting her left knee as she boarded the plane from the jet way she was caused to suffer severe and permanent injuries including a tear to her left lateral and medial meniscus which required her to undergo hospitalization and surgery; and as a result thereof she has been and will be hindered from attending to her affairs and duties and from pursuing her usual occupation; and she has been and will be deprived of large earnings and profits which she otherwise would have realized and she has incurred and will in the future continue to become liable for large sums of money for the care and treatment of her said injuries and she has suffered and with reasonable certainty will continue to suffer great pain and discomfort as a result of her said injuries.

**ANSWER**:    CONTINENTAL denies the allegations and legal conclusions of Paragraph 9.

WHEREFORE, the Defendant, CONTINENTAL AIRLINES, INC. denies that it is liable to Plaintiff DIANNA MACDONALD and prays that Plaintiff's Complaint At Law be dismissed with prejudice and with costs assessed against the Plaintiff.

## AFFIRMATIVE DEFENSES

NOW COMES the Defendant, CONTINENTAL AIRLINES, INC. ("CONTINENTAL"), and for its Affirmative Defenses to Plaintiff DIANNA MACDONALD's Complaint at Law states as follows:

## FIRST AFFIRMATIVE DEFENSE

Pursuant to Article 20 of the Montreal Convention, S. Treaty Doc. No. 106-45, 1999 WL 33292734, if CONTINENTAL proves that the damages Plaintiff DIANNA MACDONALD claims were caused or contributed to by the negligence or other wrongful act or omission of the Plaintiff, CONTINENTAL shall be wholly or partially exonerated from its liability to the claimant to the extent that such negligence or act or omission caused or contributed to the damage.

## SECOND AFFIRMATIVE DEFENSE

1.     Plaintiff DIANNA MACDONALD failed in her duty to exercise reasonable care for her own safety and in so doing was negligent in one or more of the following ways:

     a.     Failed to keep and maintain a proper and sufficient lookout as she was proceeding from the jetway to Continental Flight No. 28 on May 23, 2006 at Newark Airport;

4

      b.      Failed to look where she was walking when she was proceeding from the

                jetway to Continental Flight No. 28 on May 23, 2006 at Newark Airport;

                and/or

      c.      Failed to otherwise take proper precautions for her own safety while

                boarding Continental Flight No. 28 at Newark Airport on May 23, 2006.

    2.      The contributory fault of Plaintiff, DIANNA MACDONALD should be compared to any fault of Defendant CONTINENTAL, whose fault is expressly denied, and judgment for the Plaintiff must be decreased in proportion to the fault of the Plaintiff pursuant to Illinois Revised Statutes 735 ILCS 5/2-1116 or New Jersey Statute N.J.S.A. 2A:15-5.1.

    WHEREFORE, Defendant CONTINENTAL AIRLINES, INC. respectfully requests that this Court enter an Order barring Plaintiff, DIANNA MACDONALD from recovering any damages, dismissing the Plaintiff's Complaint at Law, or in the alternative, diminishing Plaintiff's recovery, if any, by the percentage at fault attributable and reducing the damages awarded by a jury in this matter in proportion to the percentage of Plaintiff's contributory negligence and awarding Defendant its costs.

Respectfully submitted,


CONTINENTAL AIRLINES, INC.


By:    /s/ Ann P. Goodman
       One of Its Attorneys


Ann P. Goodman
Stephen Koslow
McCullough, Campbell & Lane LLP
205 North Michigan Avenue, Suite 4100
Chicago, IL 60601
312/923-4000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DIANNA MACDONALD | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 2086 |
| | ) | |
| v. | ) | Judge Leinenweber |
| | ) | |
| CONTINENTAL AIRLINES, INC. | ) | Designated Magistrate Judge Brown |
| | ) | |
| Defendant. | ) | |

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Continental Airlines, Inc. the Defendant, demands trial by jury.


**CONTINENTAL AIRLINES, INC.**



By:    /s/ Ann P. Goodman
       One of Its Attorneys




Ann P. Goodman
Stephen Koslow
McCULLOUGH, CAMPBELL & LANE LLP
205 N. Michigan Avenue, Suite 4100
Chicago, Illinois 60601-5925
(312) 923-4000

## CERTIFICATE OF SERVICE

The, undersigned certifies that on June 16, 2008, a true and correct copy of the foregoing Defendant Continental's Answer To Complaint At Law and Jury Demand were filed electronically, and forwarded by e-mail through the Court's ECF system to:

**Counsel for Plaintiff, Dianna MacDonald**

John T. Cichon                         312/346-9241
Polansky, Cichon & Batey, Chtd.        Fax:  312/704-4431
77 W. Wacker Drive
Suite 4025
Chicago, IL  60601

/s/ Ann P. Goodman
McCullough, Campbell & Lane LLP

7